Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Rodney May                                    Docket No. 1:18-PO-904

### Petition on Probation

COMES NOW STANLEY E. LEIGH, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Rodney May, who was placed on supervision by the Honorable Theresa C. Buchanan, United States Magistrate Judge sitting in the Court at Alexandria, Virginia, on the 24th day of April, 2018, who fixed the period of supervision at 6 months, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**RETURNABLE DATE:** 7-31-18 @ 10:00 am

**ORDER OF COURT**

Considered and ordered this 13th day of July, 2018 and ordered filed and made a part of the records in the above case.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

_____
Theresa C. Buchanan
United States Magistrate Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

Joanne E. Marden
Digitally signed by Joanne E. Marden
Date: 2018.07.13 12:33:05 -04'00'

*for* Stanley E. Leigh
U.S. Probation Officer
703-299-2359

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
**Page 2**
**RE: May, Rodney**

OFFENSE: Speeding 94/40, in violation of 36 CFR 4.21(c).

SENTENCE: On April 24, 2018, Mr. May appeared before Your Honor and was sentenced to a 6-month term of probation with the following special conditions: **1)** The defendant shall successfully complete a Driver Improvement program at the direction of the probation officer; **2)** Commencing April 24, 2018, and continuing for SIX (6) MONTHS the defendant may operate a motor vehicle only, (a) to and from work, (b) during the course of work, if required as incident of employment, (c) to and from this court, the probation office and the Driver Improvement program, and (d) to and from job interviews; **3)** The defendant must seek and/or maintain verifiable employment; and **4)** The defendant shall pay a $500.00 fine, $30.00 processing fee, and a $10.00 special assessment within thirty (30) days.

ADJUSTMENT TO SUPERVISION: Mr. May resides with family in the District of Columbia, and he is currently unemployed. The defendant paid the monetary penalties on May 25, 2018, and he completed a driver improvement program via the Maryland Motor Vehicle Administration on June 15, 2018.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:** **COMMISSION OF NEW OFFENSES.**

**CONDITION 11:** **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF BEING ARRESTED BY A LAW ENFORCEMENT OFFICER.**

On June 14, 2018, Mr. May was arrested and charged with Credit Card Larceny (felony), Larceny by False Pretense (felony), Larceny with Intent to Sell/Distribute (felony) and Possession of Fake Identification (misdemeanor). This matter is scheduled for a Preliminary Hearing in Fairfax County General District Court on July 31, 2018.

Mr. May failed to notify the Probation Officer of the new arrest.

According to the police report, on June 14, 2018, at approximately 1450 hours, an officer responded to the AT&T store located at Tysons Corner Center for a fraud investigation after the manager called to report a fraud in progress. A female subject inside the store was attempting to open two brand new phone lines and get two iPhone 10 cell phones. The manager stated about 45 minutes prior to the female entering the store a male subject had called the store and spoke to a specific associate. The male was asking about iPhone 10s, and he indicated his sister would be coming into the store. When the female subject arrived at the store she walked up to the aforementioned associate and stated she wanted to open up two brand new phone lines in order to get the iPhone 10s. When asked for her identification, she presented a Maryland driver's license which the associate handed to the store manager indicating the licensed appeared fake.

- The store manager sent a picture of the Maryland license to police and it was run through the Maryland Department of Motor Vehicles and returned invalid as the name listed on the identification did not belong to the female in the store. The driver's license was registered in Virginia to a different person of a difference race. The holder of the Virginia driver's license was contacted and she stated she was in Australia and would be back at the end of July. She stated she did not authorize anyone to open up phone lines or purchase phones using her personal information.

**Petition on Probation**
**Page 3**
**RE: May, Rodney**

According to the store manager, the female was advised there were no iPhone 10s available, but there were iPhone 8s available instead. The female subject wanted to pay the taxes with cash, but was advised by the associate she needed to use a credit card. The female walked out of the store and approached a male subject, who was standing outside the store. The male subject handed the female a silver credit card which the female subject used to purchase the two iPhone 8 cell phones. The female subject completed the transaction and exited the store with two iPhone 8s that she financed using another person's information. The female subject met the male subject outside the store, and both individuals exited the mall together and got into a white BMW 320i with temporary Virginia tags. Officers conducted a stop of the vehicle, and both individuals were ordered out of the vehicle and taken into custody without incident.

A search of the male defendant, identified as Rodney May, revealed the following: 1) silver Visa vanilla gift card; 2) an invalid Maryland driver's license with the female co-defendant's picture under someone else's name; 3) $8,035 in U.S. Currency; 4) a wallet containing the defendant's D.C. driver's license; and 5) an American Airlines AAdvantage credit card with the defendant's name on it. The bank identification number was checked, and the issuing bank for that card number was Green Dot Bank, not American Airlines AAdvantage. The search also revealed two American Express re-loadable cards in the defendant's name. All items were collected and packaged as evidence.

The officer mirandized Mr. May who agreed to speak about the incident, and he stated he had no involvement as he related the co-defendant came out of the AT&T store and asked him for a card to use. He gave her the first card in his pocket, the silver Visa he purchased online. He stated he had no idea what the co-defendant was doing inside of the store. He stated he did not know she had a fake Maryland driver's license and he met the co-defendant about 3-4 months prior to the incident. The defendant noted he purchased two American Express cards online and he added money to the cards. Mr. May eventually stated he was done talking and asked to speak with an attorney.

The officer mirandized the female co-defendant, and she agreed to speak about the incident. She indicated she moved back to Washington, DC, in May 2017, and a guy she used to date introduced her to Mr. May a few weeks ago. She stated Mr. May told her he could put extra money in her pocket, and he explained he had fake identification cards, and she was not taking a serious risk because he had the sales associate at the store in his pocket. She indicated the sales associate met her at the door when she walked into the store. Mr. May had already spoke to the associate and indicated which phones she was supposed to purchase. She indicated he told her to just sit down and act professional, and to state she wanted to pay cash for the taxes on the phones. The associate indicated she needed to use a credit card as cash was not accepted, and this was the signal to get the card from Mr. May as he stated earlier this would happen. She walked out of the store and went over to the defendant who handed her one of the gift cards. She walked back into the store, opened up two phone lines and received two iPhone 8s using someone else's information. Once the transaction was completed, she walked out of the store, met up with the defendant, and headed for the vehicle they arrived in.

The female subject asserted she was offered cash by the defendant to go into the store and get the phones. She advised the officer the sales associate gets paid $150 for each phone. She indicated the defendant sells the phones throughout D.C., Maryland, and Virginia, and the whole operation was conjured by the defendant. Mr. May explained there was little risk because the information was not really processed, and the associate was in on the operation. The co-defendant related there were text messages on her phone from the defendant regarding the whole operation. She noted the defendant makes the fake identification cards at his house as the victim's information is sent to him, and he pays another guy for the information. She noted the AT&T store tells the defendant what phones he can get in order to minimize the risk. The co-defendant related the defendant also

**Petition on Probation**
**Page 4**
**RE: May, Rodney**

gave her all of the fake driver's licenses as she saw him make them on his computer at his house.

Both defendants were transported to the local adult detention center without incident whereby warrants were issued and executed.

Both defendants were banned from Tysons Corner Center for 5 years.

SEL/smk